Curia, per
O’Neall, J.
that I agree folly with the Judge below, any unlawful whipping of a slave, is a beating and abusing * within the words of the Act of 1839, sec. 5,(a) (A. A., 1839, 58,) which enacts, “ that it shall be the duty of the commander of every patrol, at least as often as once a fortnight, to call out the patrol under his command, and to take up all slaves who may be found without the limits of their owner’s plantation, under suspicious circumstances, or at a suspicious distance therefrom, and to correct all such slaves by a moderate whipping with a switch or cowsldn, not exceeding twenty lashes, unless the said slave have a ticket or letter to show the reasonableness of his or her absence, or shall have some white person in company to give an account of the business of such slave or slaves; and if any white man shall beat or abuse any slave quietly and peaceably being in his master’s plantation, or found any where without the same, with a lawful ticket, lie shall forfeit the sum of fifty dollars.”
The first question made by the defendants is, whether in the processes, it was necessary to aver that the defendant, being a white man, did, &c. This point was decided in the exactly analogous case, The State vs. Schroder, (3 Hill, 60.) In that case, the defendant was indicted for selling spirituous liquors to a slave, under the Act of ’34, which provides, “if any free white person, being a distiller, vendor, or retailer of spirituous liquors,” &c. In that case, it was held that it was unnecessary to charge that the defendant was a “free white person.” It was said there, as it may be here, of the words used in the Act, “they are merely descriptive of the person by whom the offence may be committed ; and unless there is some uncertainty without the words, whether the defendant be liable to receive judgment on conviction, there can be no necessity to use them.’ The general inference is, that a party in Court is white, until the contrary appear ; and until a defendant claims the unenviable distinction of being regarded as colored, he will be regarded as occupying the position of a free white man.
The second ground objects that it is not alleged in the process, that the slave was found “peaceably and quietly without his master’s plantation.” These words, according to my construction, apply exclusively to *182 the case of a slave found on his master’s plantation, and it may be, in that case, it is necessary that they should be used. But in the process jurisdiction, ^strictness of pleading is not required. If the party in a short way state his claim to demand money, as a debt, or as a compensation for an injury, and enough appears to apprise the party of the matter to which he is called to answer, it is generally sufficient. Technical precision is not demanded, Hilburn vs. Paysinger, (1 Bail. 97.) I should, therefore, be inclined to think, that in a process of this character, a description of the injury sufficiently definite to apprise the party of the matter of which the plaintiff complains, would be sufficient. The processes here are sufficient, according to the strictest rule of defining an offence in the words of the statute, if it were not necessary to aver that the slave was found “ peaceably and quietly,” without, &c. The portion of the clause under which this action is brought, should read thus : “ If any white man shall beat or abuse any slave found without his master’s plantation, with a lawful ticket, he shall forfeit the sum of fifty dollars.” That this is the true reading is, I think manifest, from reading the two parts of the sentence together. What is it which agrees with the participle, being, in the preceding section ? It is the word slave, and the conjunction unites the sentence, so that the word slave agrees in the succeeding section of the same sentence, with the participle found ; but the adverbs, quietly and peaceably, qualify the word being, and might have the same effect on the word “found,” if a new qualification with a lawful ticket was not added. But without pursuing this philological examination of the sentence, it will be only necessary to read the previous parts of the section of the Act, to see that the Act does not authorize even a patrol to whip a slave found out of his master’s plantation, if he shall have a ticket or letter showing the reasonableness of his absence. Reading the two parts together, I think it is plain that the penalty was intended to be incurred, if a slave was whipped contrary to the provisions authorizing it. Turn to the 13th sec. Act of 1839, p. 60, and the same authority is repeated. I am free to admit that if the slave had not in fact demeaned himself “ quietly and peaceably,” the defendants might have justified their conduct, and would have been protected, under the general authority which devolves on all white men, of correcting slaves who may so offend.
If, however, the words “ quietly and peaceably,” do qualify the word found, and are to read as part the sentence *under which these processes are brought, still I do not think it was necessary to aver that the slave was found quietly and peaceably without, &c. For in that case, it would be matter of excuse to the defendants, and as such need not be noticed. In 1 Chitty’s Crim. Law, 283, it is said, that in an indictment for not going to church, it is not necessary to aver that the defendant had no reasonable excuse for his absence, on account of the words of the Act, “having no reasonable excuse to be absent,” for as the necessity for proving the excuse lies upon the defendant, the contrary need not be averred by the prosecutor. That this is the rule applicable to these cases is, I think manifest, when we recur to the Act, and find that this penalty is given in addition to the defendant’s liability for the trespass for beating a slave. If a slave is beat., it is a trespass, until it is justified or excused by the party beating. It is only necessary *183 to state the fact to create the legal implication of trespass, and all matters of excuse or justification must come from the defendant. The object of the Act was to punish by a penalty a trespass committed on a slave, with his master’s ticket in his hand, unless the defendant could justify or excuse his act, by showing that the slave so misbehaved himself as to authorize any white man to correct him.
See Hadden vs. Liebeschultz, 11 Rich. 505; Smith vs. Hamilton, 10 Rich. 48. An.
The other grounds were not pressed in argument, and need not be noticed.
The motion is dismissed.
Gantt, Evans and ButleR, JJ., concurred.

 11 Stat. 58, § 5. An.